UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| LOUIS SVEDI,<br><br>Plaintiff,<br>-against-<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | Case No. |

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION COMPLAINT**

Plaintiff Louis Svedi ("Plaintiff"), by his attorneys, Shavitz Law Group, P.A. and Morgan and Morgan, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit for (i) unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), (ii) wages under the North Carolina Wage and Hour Act, N.C.G.S.A. § 95-25.1, *et.seq*. ("NCWHA" or "North Carolina Act"), and in the alternative for (iii) quantum meruit under North Carolina common law; and in the alternative for (iv) unjust enrichment under North Carolina common law; as well as declaratory relief and all other relief this Court deems just and proper against Defendant Publix Super Markets, Inc. ("Defendant"

or "Publix").

2. As more fully described below, during the relevant time periods, Publix failed to pay Plaintiff, who was an hourly paid employee, for all hours it suffered/permitted him to work for Publix, including all overtime hours.

## THE PARTIES

***Plaintiff***

3. Plaintiff Louis Svedi is a citizen and resident of Wilmington, North Carolina.

4. Plaintiff worked for Publix as a non-exempt, hourly-paid Assistant Department Manager from approximately November 2021 to November 2023, at Publix stores in Cary, North Carolina.

5. From December 26, 2020, through approximately November 2023 ("FLSA Relevant Time Period"), Plaintiff was an "employee" of Publix within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

6. On December 26, 2023, Plaintiff filed a consent to join form in the matter of *Roberts, et al. v. Publix Super Markets, Inc.* (Case No. 8:23-CV-02447-WFJ-CPT). [1]

---

[1] Plaintiff filed a Consent to Join form on December 26, 2023, in the putative collective action *Roberts et al. v. Publix Super Markets, Inc.*, 8:23-cv-02447-WFJ-CPT (M.D. Fla.). By Order on January 15, 2025, Plaintiff's statute of limitations was tolled for 60 days until April 15, 2025, to provide the

***Defendant***

7. Publix is a Florida corporation with its principal place of business in Lakeland, Florida.

8. Publix operates supermarkets in Florida, Georgia, Alabama, South Carolina, Tennessee, North Carolina, and Virginia.

9. During the FLSA Relevant Time Period, Publix was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. During the FLSA Relevant Time Period, Publix employed Plaintiff within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et. seq*.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims under North Carolina law which are based on the same common nucleus of operative facts as Plaintiff's federal claims.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

---

opportunity for Plaintiff to refile. *Id*., Docs. 165 and 175. Thus, the three-year statute of limitations for Plaintiff's FLSA claims reach back to December 26, 2020.

14. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff worked for Publix within this District and a substantial portion of the facts giving rise to this action occurred within this District.

15. At all times material to this Complaint, Publix was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

16. Publix's annual gross receipts for the three years preceding the filing of Plaintiff's consent form in *Roberts* and this lawsuit exceeded $500,000.00.

**FACTUAL ALLEGATIONS**

17. Plaintiff was employed by Publix as an Assistant Department Manager in its meat department in its grocery stores in Cary, North Carolina.

18. During the FLSA Relevant Time Period, Publix classified Plaintiff as a non-exempt employee under the FLSA who must be paid overtime compensation for hours work over 40 in a workweek.

19. During the FLSA Relevant Time Period, Publix paid Plaintiff an hourly rate of pay as an Assistant Department Manager.

20. During the FLSA Relevant Time Period, Publix has used physical timeclocks located inside its grocery stores to record hourly paid employees' hours worked, including Plaintiff's hours worked.

21. During the FLSA Relevant Time Period, Publix did not provide a method by which he could record all hours worked outside his assigned Publix store.

22. While working at Publix, Plaintiff was scheduled to work a specific number of hours each workweek.

23. Publix intended for Plaintiff and other hourly paid employees to work a specific number of targeted hours each week so that it could stay within its targeted budgeted hours each week for his assigned store.

24. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff was scheduled to work a target number of regular and overtime hours each workweek.

25. During the FLSA Relevant Time Period as an Assistant Department Manager, if Plaintiff exceeded the overtime hours he was permitted or targeted to work during a workweek, his name would be flagged as an employee who was exceeding the targeted overtime hours on the schedule.

26. It was not a positive work metric to be a Publix employee who exceeded the overtime hours scheduled or targeted for you at Publix.

27. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff could not complete the work required by Publix during the number of hours allotted to him on the Publix schedule.

28. During the FLSA Relevant Time Period as an Assistant Department Manager, if Plaintiff did not complete the work he was assigned to perform, he could be subjected to adverse employment actions.

29. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff worked off-the-clock prior to clocking in at the start of his shift and after clocking out at the end of his shift while inside his assigned Publix store, on required tasks including walking the department with supervisors, cleaning, organizing, stocking, and assisting customers, without pay.

30. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff performed work off-the-clock outside his assigned Publix store picking up goods from other Publix locations and communicating with co-workers and supervisors via telephone calls and text messages about work-related matters including, but not limited to, scheduling, staffing, operations, goods and supplies, and customers.

31. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff estimates that he worked on average 3 to 5 hours per week (off-the-clock) performing the tasked above in Paragraphs 29-30 without pay.

32. During the FLSA Relevant Time Period as an Assistant Department Manager, Publix suffered or permitted, as defined by the FLSA, Plaintiff to work without pay.

33. Publix had a duty to maintain accurate time records for Plaintiff and failed to do so in violation of the FLSA.

34. Publix knew or should have known, as defined by the FLSA, that Plaintiff worked unpaid hours because Publix's supervisors and managers observed, witnessed and permitted off-the-clock work by Plaintiff.

35. Publix's actions were willful and Publix did not act in good faith in compliance with the FLSA.

36. Publix offered and Plaintiff accepted to be paid an hourly rate of pay for Plaintiff's work at Publix, including his work as an Assistant Department Manager.

37. Publix promised to pay Plaintiff for work performed as an Assistant Department Manager at an hourly rate.

38. Publix accepted and retained work performed by Plaintiff for which it

did not pay.

39. Publix did not pay Plaintiff for all the hours of work he performed during non-overtime hour weeks (i.e., workweeks of less than 40 hours a week).

40. Plaintiff reasonably expected to be paid for the work he performed by Publix as an employee.

41. Publix benefited from the work Plaintiff performed off-the-clock and without pay.

42. Publix was unjustly enriched by the work Plaintiff performed off-the-clock and without pay.

43. Publix's failure to pay Plaintiff wages, including overtime wages, was inequitable and due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the convenience of its operations.

## FIRST CAUSE OF ACTION
## FLSA– Unpaid Overtime Wages

44. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-43.

45. Plaintiff consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

46. During the FLSA Relevant Time Period, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

47. During the FLSA Relevant Time Period, the overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Publix.

48. During the FLSA Relevant Time Period, Publix is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. During the FLSA Relevant Time Period, Plaintiff was an employee of Publix within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

50. During the FLSA Relevant Time Period, Publix has failed to pay Plaintiff all overtime wages to which he was entitled under the FLSA.

51. Publix's violations of the FLSA have been willful and intentional.

52. Because Publix's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

53. As a result of Publix's willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

54. As a result of the unlawful acts of Publix, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of liquidated damages, attorneys' fees and costs, as well as declaratory relief.

## SECOND CAUSE OF ACTION
## Violation of North Carolina Wage and Hour Act
## (N.C.G.S.A. § 95-25.1, *et.seq.*)

55. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-43.

56. At all relevant times, Publix qualified as an "employer" and Plaintiff qualified as an "employee" within the meaning of the North Carolina Wage and Hour Act, N.C.G.S.A. § 95-25.2.

57. "Wages" means "[c]ompensation for labor or services rendered by an employee whether determined on a time, task, piece, job, day, commission, or other basis of calculation, and the reasonable cost as determined by the Commissioner of furnishing employees with board, lodging, or other facilities. For the purposes of G.S. 95-25.6 through G.S. 95-25.13 "wage" includes sick pay, vacation pay, severance pay, commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payments." N.C.G.S.A. § 95-25.2(16).

58. Pursuant to North Carolina Act, N.C.G.S.A. § 95-25.1, *et.seq.*, it is unlawful for an employer to suffer or permit an employee to work without paying promised and earned wages for all hours worked.

59. Pursuant to North Carolina Act, N.C.G.S.A. § 95-25.6, Publix was required to pay Plaintiff all wages, when due, for all hours of work at his regular rate on their regular pay day.

60. Publix did not pay Plaintiff all wages due to him for non-overtime hours as a result of the illegal work off-the-clock.

61. At all times relevant, Publix had knowledge of all work completed by Plaintiff and Publix permitted Plaintiff to perform such work and did not pay him the promised wages for hours worked.

62. Accordingly, Plaintiff is entitled to receive all compensation of non-overtime "wages" due and owing to him.

63. Publix willfully failed to pay Plaintiff all "wages," and withheld such wages as defined in §§ 95-25.1 and 95.25.8 of the North Carolina Act for all work performed, according to the law.

64. Publix has withheld wages of Plaintiff without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct. N.C.G.S.A. §§ 95-25.8 and 95-25.13.

65. As a direct and proximate result of Publix's willful conduct, Plaintiff has suffered substantial losses and is entitled to recover his unpaid wages, liquidated damages, and attorneys' fees and costs pursuant to North Carolina Wage and Hour Act, N.C.G.S.A. § 95-25.22.

**THIRD CAUSE OF ACTION**
**(In the Alternative of Count II, Quantum Meruit)**

66. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-43.

67. This Third Cause of Action is brought in the alternative to the Second Cause of Action (Violation of North Carolina Wage and Hour Act N.C.G.S.A. § 95-25.1, *et.seq.*).

68. In approximately November 2021, Plaintiff and Publix entered into an agreement pursuant to which Plaintiff would work as an employee of Publix in exchange for an hourly rate of pay.

69. Publix assented to the benefit of Plaintiff's work and promised to pay Plaintiff for worked performed as an Assistant Department Manager at an hourly rate.

70. Publix knew Plaintiff was not working for Publix gratuitously and reasonably expected to be paid an hourly rate for his work at Publix, including his work as an Assistant Department Manager.

71. Plaintiff worked for Publix as a Department Manager on average approximately 3 to 5 hours a week without pay.

72. Publix benefited from the work Plaintiff performed for it as an Assistant Department Manager without compensation.

73. As a direct and proximate result of Publix's failure to pay Plaintiff for hours he worked, Plaintiff has suffered an injury and is entitled to all appropriate relief including his unpaid wages and compensatory damages under North Carolina common law.

**FOURTH CAUSE OF ACTION**
**(In the Alternative of Count II, Unjust Enrichment)**

74. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-43.

75. This Fourth Cause of Action is brought in the alternative to the Third Cause of Action (Quantum Meruit).

76. Plaintiff was employed by Publix within the meaning of North Carolina common law.

77. Publix has been unjustly enriched by benefiting from Plaintiff's work while consistently failing to pay him for all hours that he worked.

78. Plaintiff conferred a benefit upon Publix by performing illegal off-the-clock work, with the intention to be paid for the work.

79. Plaintiff did not confer the benefit of work performed upon Publix gratuitously.

80. Publix consciously accepted and appreciated the benefit of work Plaintiff performed for Publix as an Assistant Department Manager without pay.

81. Publix has knowledge of the benefit conferred upon them and that Plaintiff expected to be paid for such work provided.

82. Publix is obligated to pay Plaintiff for all hours that he worked.

83. It would be inequitable for Publix to retain the benefit of such work without paying Plaintiff for its value.

84. As a direct and proximate result of Publix's unjust enrichment, Plaintiff has suffered an injury and is entitled to all appropriate relief including his unpaid wages and compensatory damages under North Carolina Common law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Unpaid overtime wages pursuant to the FLSA;

B. Liquidated damages in an amount equal to his unpaid overtime wages pursuant to the FLSA;

C. Unpaid wages and compensatory damages pursuant North Carolina Wage and Hour Act;

D. Declaratory relief;

E. Attorneys' fees and costs pursuant to the FLSA and North Carolina Wage and Hour Act, and

F. Such other relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: April 15, 2025.

*/s/ Jean S. Martin*
Jean S. Martin
North Carolina No.: 25703
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, Suite 700
Tampa, FL 33601
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
Email: jeanmartin@forthepeople.com

Andrew Frisch*
**MORGAN AND MORGAN, P.A.**
8151 Peters Road, 4th Floor
Plantation, FL 33324
(954) 318-0268
afrisch@forthepeople.com

Ryan Morgan*
Jolie Pavlos*
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801

(407) 418-2069
rmorgan@forthepeople.com
jpavlos@forthepeople.com

Gregg I. Shavitz*
Loren B. Donnell*
Marilyn Linares*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, FL 33431
(561) 447-8888
gshavitz@shavitzlaw.com
ldonnell@shavitzlaw.com
mlinares@shavitzlaw.com

***Attorneys for Plaintiff***

*To apply for admission *pro hac vice.*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 15, 2025, this document was filed via CM/ECF, and will be delivered electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jean S. Martin*
Jean S. Martin